THE STATE v. JACKSON.

PRESENTMENT. *Carrying arms.* A presentment for unlawfully carrying a belt or pocket pistol or revolver is sufficient, and the exceptions in the statutes need not be negatived.

FROM ————.

Appeal in error from the Circuit Court of county. N. W. McCONNELL, J.

ATTORNEY GENERAL LEA for the State.

———— for Jackson.

FREEMAN, J., delivered the opinion of the court.

This is a presentment for carrying a pistol. It contains three counts, which were quashed by the court on motion, and a fourth, on which defendant was acquitted by the jury. The Attorney General appealed from the action of the court in quashing the first three counts of the presentment.

The first count is for "unlawfully carrying a certain pocket pistol contrary to the statute," etc. The second is for "unlawfully carrying a certain belt pistol," and the third for "unlawfully carrying a certain revolver."

These counts were quashed because the exceptions specified in the statute were not negatived.

The act of 1871, ch. 90, sec. 1, is the statute under which this presentment was found, it being the

last act on the subject. It provides: It shall not be lawful to carry, among other things, a belt or pocket pistol or revolver, other than an army pistol, and in all cases even an army pistol is to be carried openly and in his hand. The third section is: The provisions of the first section of this act shall not apply to any officer or policeman while engaged in his official duties, nor, to any person who is on a journey out of his county or State.

The court erred in quashing this presentment, even under the technical strictness of our earlier decisions. The rule found in these cases is, that "when a statute contains provisoes and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisoes it contains, but only in cases where the exceptions are contained in the enacting clause; then it is necessary to negative them. *Matthews* v. *The State*, 2 Yer., 236. While we do not, we confess, see the depth of wisdom contained in this ancient rule, still, taking it as stated, the presentment being sustained by the act of 1871, and within this rule, we hold it good and that the court erred in quashing it.

Reverse the case for further proceedings.